Our first case for argument is 24-2226, VDPP v. Volkswagen Group. Mr. Ramey. Good morning, Your Honor. Bill Ramey for the appellants, VDPP, LLC, and William Ramey, if it pleases the Court. May I begin? This case should be reversed for one fundamental reason. The district court dismissed the complaint with prejudice, its very first ruling, without granting leave to amend, and then imposed sanctions on defects that any amendment could have cured. That's punishment without opportunity. And that's reversible error under Rule 15, under this Court's Section 287 precedent, and basic due process principles. Mr. Ramey. Yes, Your Honor. The district court said that many of the positions you took were frivolous and objectively unreasonable, seeking future damages when the patent expired. It recites a number of things in her opinion. The list goes on. Sloppy errors, obviously incorrect venue allegations. This certainly seems to justify sanctions. No, Your Honor. This is an initial pleading. We actually asked Volkswagen for an extension to respond to their motion to dismiss. We intended to file an amended complaint. But they said they'd give us the extension to respond, but didn't grant us the extension to amend the complaint. That's at Appendix 1662. Well, to be clear, they said they would agree to your extension only if you agreed not to amend your complaint and you said thanks. You implied to them agreement. So you misled opposing counsel clearly and unabashedly. You exhibited the same disrespect for opposing counsel you did to the court below. Your Honor, these are all defects that could have been cured by amendment. An amendment that we proposed. Why wouldn't amendment be futile here? So, I'm sorry, I didn't mean to interrupt. Oh, no, you're good. Go for it. Why wouldn't amendment be futile in this circumstance? Well, in this particular case, Your Honor, just the case that was issued recently, Ortiz v. Vigio, that both parties put up on the Rule 28J submission to the court. This court, in a non-precedential opinion, said it is possible for a non-practicing entity who has past licenses to plead compliance with Section 287 at the pleading stage. And that was one of the ways that we would have proposed to have pled it if it provided the chance to amend. But it needs substantial compliance. And aren't there a series of settlements out there and the like where there was no marking requirement put in there? Your Honor, we have no evidence before this court whether there was a marking requirement or not in any of those settlement licenses. Yes, we do. We have the settlement agreements. And, in fact, one of them expressly says there's no marking requirement. I've read every one of the 11 settlement agreements. Yes, Your Honor. Each one of those settlement agreements came in after the case was closed and only on a motion for fees where VDPP never had— You're saying, give me a chance to amend, Your Honor, and I'll allege something that is completely untrue and inconsistent with the actual record once again. Your Honor, no. Actually, what we're alleging here is if it provided the opportunity to amend, we would have amended in one of the three ways. We said, I've talked to this client. This client wasn't granting a license to produce a patented article. It was entering into settlement licenses, which I think are very different. You would have to look at the agreement and construe it at the court. Well, you might think they're different, but our case law said they're not different when it comes to marking. Our case law said that all licenses are treated the same. And, by the way, these settlement agreements, as you call them, every one of them terms itself a license, most of which are to this patent or to the family of patents. Yes, Your Honor. I believe all 11 licenses also said that neither party or the defendant didn't agree it was infringing. And if they're not agreeing infringing, that doesn't seem to me to be the type of license that would traditionally be to produce a patented article for or under the patent. This is a different type of license agreement. There's not—I wouldn't—there's not one size fits all type of agreements. We go back to basic contract principles. We look at the terms of the agreement. We look at the four corners to determine objectively what the party's intent is expressed in that agreement. And here, I would get you all 11 of those licenses, which came in after the close of the case and only on a motion to proceed. So did you do any pre-suit investigation in this case? Yes, Your Honor. As is clear on the record, we did ask the client if there were any license agreements. They told us no. At that time, we had no reason to doubt the client. The client was new to me, new to my firm. Opposing counsel brought to the fact that there were agreements. So we immediately went back to the client, and the client said, oh, yes, there are some. And he produced those to me, and we produced them to the other side. That's—we were allowed to rely on our client until the defendant told us that they were wrong. Then we didn't rely on him, and we went back and we asked for more. In this particular case, the client is now 83 years old. The plaintiff does have memory issues. And so we were— I mean, obviously, I think that that is super sad that the person has memory issues. I do want to be clear on that. But if you knew that, why did you feel comfortable relying on that client's memory in terms of whether or not there were agreements? I don't know what more we could have done than ask the client if there were other settlement agreements. That's what we did. And we immediately—within two weeks, Your Honor, we had produced those settlement agreements to Volkswagen. So this isn't an instance where we said there's no agreements and we had them go to the court. This was never even brought to the court's attention until after the close of the case and then a motion for fees. This is the classic example of counsel doing what they're supposed to. Working on issues— If you claim that you would have wanted to amend, what would you have actually said in the amendment that you think cures the issue such that the case should not be dismissed with prejudice? Yes, Your Honor. This is a futility. Ortiz v. Vigil provided one example of what—how one could plead as an M.P.E. when there are settlement agreements out there. That would have been one of the methods. Actually, we listed a laundry list of reasoning in the response to the—or pardon me, the motion for reconsideration to amend the judgment that we would have alleged that we were a nonpracticing entity with no obligation to mark and that we hadn't licensed these patents to produce a patented article for or under the patents. These were simply settlement licenses in litigation to remove the threat of litigation. So you're contending that the marking requirement should not apply to your client because it's a nonpracticing entity. Is that your fundamental way that you think the marking requirement should work? No, Your Honor, that's not what I'm saying. I'm saying this— Oh, what are you saying then? If I came across my apologies, what I'm trying to convey, Your Honor, is that I'm saying that the parties can reach an agreement where they don't trigger the marking requirement depending on how that agreement's structured. And that's what my client was trying to do when it entered into this prior— And how would that be fair to the public? The purpose of the marking requirement is so that the public, i.e., competitors, are aware if a product is covered by a patent so that they can avoid themselves duplicating and infringing. So how in the world would the marking requirement, the fundamental purpose of which is notice to the public, be satisfied if we were to rule that patentees don't have to use any efforts to get someone to mark if they just say they're not going to do it because they don't think they're infringing? Your Honor, and I'm not trying to say that the defendants in each of these cases didn't agree that they were infringing the patent. This was a disputed issue. I understand that. And that's so that— That's not relevant to me. You granted them a license that covered this patent, and you've asserted in this litigation your belief that every one of those products in those licenses do infringe your patent. So how are competitors on notice, given that the market is now flooded with products that you claim infringe your patent, which do not bear your patent number? So that's just going to encourage others to enter the market similarly, which is exactly why the marking statute exists, so that the world is on notice. And by the way, this doesn't bar your patentee client from pursuing damages. They just have to then give notice, since they've elected not to force their licensees to mark. Yes, Your Honor, and what we're trying to say is that here in this particular case, these weren't licenses to produce a patent article. That's the threshold question. But you said they were in your brief. You said in your brief. You said that all 11 licensees you continue to assert infringe your patent in your brief to our court. Was that a lie, sir? Your Honor, no. We would never make an allegation of infringement. The parties didn't agree that there was infringement, the other side. So to end litigation, a settlement was released while the parties didn't agree there was infringement, which is a very common way for things to end. It didn't end in a traditional licensing agreement to produce a patent article for under the licensees. Every one of those licensing agreements is a traditional license agreement in which you authorize them to produce particular products under the exact patent at issue. Yes, Your Honor, and that, of course, would be something that we could be discovered later on. This, we're still at the pleading stage. We should have been provided the opportunity to amend to make those allegations of what we allege. Make what allegations? The settlement agreements are clear on their face. At the pleading stage, all reasonable inferences 12b-6 would be taken in favor of the person making the allegation here for the court to resolve something that was submitted in a motion for fees statement. That's well after the pleadings were closed in this case. It sounds like you would agree because the patents were expired, you don't get future damages, right? Yes, Your Honor. There are no future damages on expired patents. Okay. And then in terms of trying to get pre-suit damages, you need to give some form of notice, which is what the chief has been talking to you about, right? Yes, Your Honor, I think I wouldn't say that an M.P.E. who doesn't produce a patented article has an obligation to give pre-suit notice, and that goes all the way back to… I feel like your argument is, again, because it's a non-practicing entity, that that's why you should get out of the market requirement. That's what you just told me now. You previously told me that was not your argument, but I think you're going back to it. Is that right? Your Honor, no. All I'm saying is that the M.P.E. doesn't produce a patent article, so they don't have to give notice. The other side didn't. In the defendant's agency's license agreement, somebody said, we don't believe we're infringing. This would create a real issue with settling cases if the parties had to agree that there was infringement and marking requirement attached to get all cases settled. I mean, I've seen many settlements over the course of my time, and there are plenty of settlement agreements that will actually talk about having a marking duty on the licensees. So for you to say that cases cannot settle just because of a marking requirement, that's just not true. I think that is, even with a marking requirement, it is possible to reach settlement if you can get the parties to agree that there was some sort of infringement. Here I'm saying that this particular case, with this particular plaintiff, with this particular 11 agreements that were out there that came in only at the motion for fees, this is something that we need to have developed during discovery to see if we could plead. We could plead a cause of action. And then we would need to get to discovery to determine what those agreements actually said and to see whether or not we could put in evidence to say that, look, the defendants weren't practicing the inventions, or to say that these weren't licenses to produce a patented Article IV under the patents. And that's what shouldn't be a bar at the pleading stage to deny a leave to amend, and that's what happened here. All that BDPP is asking for, Mr. Ramey, is that there be a granted leave to amend and that vacates the 285 sanctions. Because what we have here is we have dismissal with prejudice at the outset, and then we have sanctions under 285 based on that same conduct, and then turn around and a Section 1927 sanction based again on that same conduct that leave to amend would have cured. And, in fact, the proposed amended complaint submitted cured most, if not all, the issues that Your Honor spoke to me about earlier on the pleading defects. And if I could, I'd say I'm in my final three minutes. If I could just finish the thought and then I'll sit down to reserve my time. But we're not saying that an MP doesn't have an obligation to ensure that its licensees who are producing a patented Article IV under its patents have an obligation to mark. But that's the intent of the parties to come to that understanding. If the parties don't agree that this is a license to produce a patented Article IV under their patent, I'm not sure how we get to requiring patents. There are many settlements where they do agree, but it's the intent of the parties that controls patent lawsuits aren't some strange beast that have unique contracts or unique rules. These are fundamental principles of contract interpretation. What's the subjective intent of the parties as expressed in those four in the objective agreement itself? And only in construing that agreement can we determine whether or not the parties intended this to be a license to produce a patented Article IV under the licensees. And at this stage, at the pleading stage, we just don't have this evidence before the court. And I'll reserve the rest of my time, if I may, for rebuttal. As a housekeeping matter, did the district court ever rule on your corrected notice of appeal where you tried to add yourself as an appellant? No, Your Honor. If the court would like me to address that briefly. I don't want you to address it. I want you to answer my question. Did the district court ever rule on your corrected notice of appeal where you tried to add yourself as an appellant? Your Honor, I do not believe the court did. The district court made the statement, and this may not be verbatim. I apologize by memory. But the court said that they believe that the Federal Circuit can determine its own jurisdiction, in essence. So there was no ruling that I'm aware of explicitly on that motion, Your Honor. All right. Mr. Tucker, we'll hear from you. Thank you, Your Honor. Good morning, Your Honors, and may it please the court. Dan Tucker on behalf of Volkswagen. I'd like to start with the marking issue. In this case, VDPP concedes that its original complaint was defective. So there's one issue before the court. Did the district court abuse its discretion?   It did not, because the district court correctly determined that proposed amended complaint was futile. It contains three sentences in this regard. The first simply says that VDPP is an NPE. That's not sufficient on the facts of this case. The last two sentences— So basically, you're saying that the argument that VDPP was making is the same argument he made to Judge Cunningham, then said he didn't make to Judge Cunningham, then made to Judge Cunningham again, then said he didn't make to Judge Cunningham, which is because we're an NPE, we're not bound by the marking requirement. And that is— Is that a yes or no? I also was struggling to understand exactly what VDPP's argument is. But that—just saying that we are an NPE, so we don't need to mark is not enough, particularly in this case where the court took judicial notice of prior dismissals with prejudice pursuant to settlement agreements or licenses. We can talk about the distinction between those that I think VDPP is trying to make. That also has no support in the law. Either way, whether you look at the complaint on its face or in view of the facts of this case, it was futile. It did not plead facts sufficient to show that it had a plausible claim to relief under the facts as we know them and as the district court took judicial notice of. I think—I think I did hear Mr. Ramey make two arguments today that are similar to some of the arguments in the brief, and I'd like to just touch on them. The first is that the subjective beliefs of the licensees somewhat—somehow matter. And the second is that, like I said, there's different types of licenses, and for some reason a license simply to end settlement would not trigger the marking requirement. There is no basis in law for either of them, but just from the get-go, these arguments were also forfeited below. They were not made to the district court at the dismissal stage. The first time VDPP raised these was in post-dismissal briefing and the fees motions and in the Rule 59e motion. On the facts for both of those, we also know, based on the licenses in this case, that these were not just settlements to end litigation. The court is very clearly aware of the record. The different licenses at Appendix 1086, 1096, and I believe it's 1106, expressly refute any argument that VDPP is trying to make and repeated multiple times today that these were not to produce a patented article under the patents. Okay. Now, I want to explore this because sometimes bad facts end up making bad law by us, and I don't want to see that happen here. So what I'm trying to work through in my brain is a bigger-picture issue that I want help with from you today. And that bigger-picture issue is Mr. Ramey claimed that, yes, but these defendants insist they don't infringe. With all due respect, in my experience, every defendant insists they don't infringe. And if I were to adopt a rule that says a patentee has no obligation to force marking upon a licensee if they claim they don't infringe, then I fear we would pretty much never have marking by licensees, and that causes me concern. So as a practitioner who has a lot of experience with these sorts of things, I'd like to hear your perspective on how we ought to treat the marking requirement in a scenario where the patentee is saying, well, yes, I gave 11 licenses to this exact patent for particular products that I believe infringe, but because they say they don't infringe, eh? I think as a matter of policy arguments related to why we have the marking statute to encourage marking, it should depend on the facts of the case. If the patent owner alleges, like they did here in district court, that the patents infringe, the subjective... They also alleged it here on appeal. And at Blue Brief 25, they continue to allege that VDPP believes there was infringement. Of all 11, that's what they've said. But hopefully as one other part to answer your question, the subjective beliefs of the licensee shouldn't matter. And the Fingen case, it's from the Northern District of California that VDPP cites, discusses ARCTICAT, notes that in ARCTICAT there was no duty... They expressly rejected a duty to mark. And there was... You still had the implications of 287. Fingen discusses that part of ARCTICAT, discusses the policy arguments of 287, and expressly rejects this idea that the subjective belief of the licensees matter. And I think that is good policy moving forward as well. The court also does not have to reach this question here. Counsel, let's get our language straight. Is there a marking requirement, or is it just a precondition for damages? The statute says, patentees may give notice. That doesn't sound like a requirement. So is it best stated as a precondition for damages? Absolutely, Your Honor. I was trying to short-circuit it a bit, but that is correct. It is a precondition for obtaining pursuit damages. And I think that Judge Lori's point is an excellent one. So if we were to adopt a rule that indicated that in scenarios like this, where there are licenses alleged to be... to infringing products by a patent holder, and no attendant marking requirement, that in those circumstances, reasonable efforts have not been made, and accordingly, you have failed to satisfy this precondition of damages. It does not mean that you can't get damages. You can the minute you give notice. It just means you can't get damages for a time prior to having given notice. Is that the rule that you think is applicable? That's right. And here, there was no ability to get damages moving forward or damages after notice because the case was filed after the patent expired. But on the marking issue, I don't even think the court in this case needs to grapple with the issues we've been discussing because these arguments were not raised below. They were forfeited. What are the issues that you contend we absolutely have to decide? The three issues that I think the court should decide is whether or not the district court abused its discretion in denying VDPP leave to amend its complaint. And we say that the answer to that is no because the district court, for the reasons we've discussed, correctly determined it was futile. The other two issues that the court should address are the 285 fees and the 1927 fees, and I would be happy to talk about those if you'd like. But I don't see how we address the futility argument without making a decision on the marking question. So, yes. I mean, the court would have to address whether it was futile. In this, I think it's easy. This case is an easy case because of what is lacking in the complaint, even in the proposed amended complaint. There was no effort at all to allege a single fact regarding these licensees' behaviors. Not one. The proposed amended complaint simply says, plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Okay. So, again, I'm thinking of the rule of law and what it ought to be with regard to marking. So, I guess what you're saying to me is that in this case, it's clear that there was a failure to make reasonable efforts, but that should not foreclose the possibility that if there exists a license out there, which doesn't require marking, that that necessarily forecloses the precondition of marking having been met by the patentee, even though the license doesn't require it? I just don't understand. I feel like we're wading into what feels like a really murky area. I'm feeling a bright-line rule coming on, and I want you to tell me if that bright-line rule is problematic, and if so, why? I don't think there's a bright-line rule at all. I think what is required depends on the facts of each specific case. Why? If there are license agreements to this patent for allegedly infringing articles, which do not require marking either, and some of these licenses expressly say, I ain't marking, and others of the licenses are just silent as to the question of marking, why isn't that a failure to satisfy the precondition of the marking requirement by the patentee? In this case, it absolutely is. No, not in this case. Why isn't what I just said sufficient to fail to meet the precondition of marking? It does fail to meet the precondition of marking, I think is the answer. Would you say that even aside from the marking issue, that the sanctions were justified? The court said VDPP made sloppy errors from obviously incorrect venue allegations, initial disclosures about an unrelated patent, serving discovery despite an agreed-upon and court-ordered stay. Are these and other errors? Legal theories were flawed. That's a lot more than marking. I agree, Your Honor. The district court made fact findings about merit-based and non-merit-based conduct that spanned the litigation from beginning to end, from failure to respond to our letters to filing frivolous Rule 59 e-motions. The court also expressly found that this case presents reason for sanctions under 285 under both prongs, the substantive strength of the case and how the plaintiff behaved in the litigation. This case is about sanctions, right? This case is about sanctions. What, you want to address 285 more or 1927? I think the court is, and Judge Lori has listed many of the facts on 285 that we believe are relevant. I think I would like to touch on the 1927 fees. The district court here found Mr. Ramey and VDPP jointly and severally liable, sanctioning Mr. Ramey under 1927. The first issue here is that Mr. Ramey did not appeal. The notice of appeal names only VDPP as an appellant, not him. He is named in the description of the order that VDPP appealed from, but that order jointly and severally sanctions both VDPP and Mr. Ramey. The Fifth Circuit's decision in Batiste addresses this issue and states that Mr. Ramey would have needed to be named as appellant. He wasn't. VDPP has still not addressed the Batiste case, at least the rationale of it. Instead, it has contended that Volkswagen hasn't provided a case where a person seeking to be added was listed in a notice of appeal. That is wrong. In the CTC imports case, the notice of appeal did precisely this. We block quoted this notice of appeal in our response to his motion to amend the caption at page 6. We cited it again at our red brief for the exact same proposition at page 54 and every time VDPP has ignored it. So as I understand it, there's a Fifth Circuit case, Batiste, a Sixth Circuit case, Mayerki, there's a Gee versus Paramount in the Second Circuit and CTC in the Third Circuit, all of which have addressed this identical issue and all of which have come out the same way, which is the way that you're suggesting we come out. Is that correct? That is exactly correct. Pretty much none of them have been addressed or responded to at all by the opposing counsel. The only time they've been addressed is with this comment that we didn't point to a notice of appeal that named the attorney in the body of the notice of appeal and CTC does exactly that and we have pointed that out twice in our briefing. We pointed that out multiple times and despite having that, they just didn't even respond to it. That is correct. So the court doesn't even need to address the merits of the 1927 issue because Mr. Ramey did not appeal, VDPP doesn't have jurisdiction or doesn't have standing to make that argument. If the court does decide to reach the merits, the district court's ruling and finding made ample findings to show that why Mr. Ramey's conduct vexatiously multiplied the proceedings. If a court assesses sanctions jointly and severally on the client and the lawyer and the lawyer appeals on behalf of the client, doesn't it seem a little strange that the appeal wouldn't relate to the attorney as well? The same issues. The same issues absolutely overlap. Are you asking in the context of standing or whether the appeal was proper? Well, actually, yes, whether the appeal is proper with respect to the lawyer. Sure. So I think to Chief Judge Moore's point, the multiple circuit courts have addressed this same issue and where an order jointly sanctions both the party and its attorney, that attorney has to be named as an appellant or else only the party is the appellant. Would you suggest that this is an issue of jurisdiction so even if it is particular and the form here matters? Absolutely, yes. Because it's jurisdiction. It is jurisdictional. There is no way around it. So it's kind of like if somebody files a day late and even though they might have a good reason, jurisdiction says it's got to be filed on time. We just have to go with that. That's correct. Anything further? Okay. Thank you, Your Honors. If I may, Your Honors, briefly addressing whether I'm a proper appellant, William Ramey, Rule 3 of the Federal Rules of Civil Procedure merely says they have to be listed in the caption or the body. William P. Ramey III is listed in the body of the Notice of Appeal. That should be sufficient. Case closed. How in the world would it being listed in the body and just like in an order in the way opposing counsel described it, how would that pit parties on notice, this court on notice, that you would actually be a party to the appeal? So we look to what the Fifth Circuit has said in this thing and if you go back to what the Garcia case said from the Fifth Circuit that's in the briefing, you look to the four corners of the document and you look to see is William P. Ramey identified in there and here we have very clearly we're appealing that sanctions order that sanctions VVPP and William P. Ramey. So to find that William P. Ramey is not an intended appellant has to read out William P. Ramey from that, from that part of the language of the Notice of Appeal and that isn't a reasonable interpretation of that notice. It's clear that the party that is actually listed as a party in the appeal is appealing that order. Why does it mean that Mr. Ramey, you would be appealing that order? Because the rule simply requires that we be listed in the body of the case decided by Volkswagen where the attorney, the appeal order was sanctioned but the attorney's name wasn't mentioned in the body. So here we simply have what the rule requires. The attorney's name is mentioned in the body and if you go to rule 3C7, if it's reasonably clear that the intent was that that party be listed as appellant, William P. Ramey is appealing that sanction order, you can't dismiss the appeal for one of jurisdiction. And if I could, unless you have any more questions on that, Your Honor, I'd like to briefly address the Section 285 in 1927. In the Section 285, the court found joint and several liability and I would say under dragon and electoral property, that's foreclosed, especially when this was an original pleading and so the joint and several liability would go there. And if we turn to the 19th, it's in the briefing, but if we turn to the 1927, the Fifth Circuit in Vaughan v. Louisville Independent School District mandates that for reviewing purposes that the district courts delineate what the conduct was that's being sanctioned under 1927 as opposed to any other sanctions. Here, the district court didn't do that. Here the district court basically listed 14 or 18 different things of conduct that it found bad and then sanctioned jointly and several under 285 and 1927 in the court's inherent power. And here we were simply asked that there hasn't been a showing according to what our briefing says to support sanctions under 1927 for an original complaint filed or under the court's inherent authority because there's no bad faith, no scheming that was going on. We'd ask that the- I'm just remembering the facts so you can correct me if I'm wrong here. But I thought 285 was just focused on VDPP and you were being focused on with respect to 1927. Is that incorrect or- Your Honor, from the order it says joint and several liable. So that's all that we were getting to for that. But under 1927, right? Well, but they're tying in the 285 reasoning for 1927 so we're not getting the delineation for what conduct merited the sanction under 285 and what conduct merited the sanctions under 1927 or the court's inherent power. That's all I was trying to say, Your Honor. So the district court didn't provide a mechanism for this court to review the way that it's sanctioned in this case. And so the court needed to have done a better job delineating sanction. But I, again, would suggest that we don't need to get even to the sanctioning that leave to amend should be granted because according to Ortiz v. Vizio, there is a manner in which an MPE can plead compliant. Okay, Mr. Ramey. You have well exceeded your time. I thank both counsel. The case is taken under submission. Thank you very much, Your Honor.